IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CP CONSTRUCTION, LLC, CAPITOL CITY CONSTRUCTION, LLC, and CARLYLE & KENNEDY, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) ) | CASE NO. 3:06-1153 JUDGE TRAUGER/KNOWLES |
| GEORGE HOLDER, BROOKS KRABOUSANOS, FULL SERVICE DRYWALL COMPANY, FULL SERVICE RESTORATION, INC., FULL SERVICE RESTORATION, INC. MONEY PURCHASE PENSION PLAN, JOHN ELDRIDGE, III, and SHELBYVILLE WAREHOUSE, LLC, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court upon a "Motion to Set Aside Default Judgment" filed by Defendant George Holder. Docket No. 36. Plaintiffs have filed a Response in Opposition to the Motion (Docket No. 38), and the Motion has been referred to the undersigned by Judge Trauger (Docket No. 39).

Despite the heading of the Motion, a default *judgment* has not been entered against Defendant Holder; the Clerk has merely entered a default against Defendant Holder pursuant to Fed. R. Civ. P. 55(a). Docket No. 35. As the Clerk's "Entry of Default" states:

> Accordingly, for the reasons stated above, the Clerk hereby enters
> default pursuant to FRCP 55(a) against Defendant George Holder.

> This is an Entry of Default pursuant to FRCP 55(a) only. The matter of a default judgment pursuant to FRCP 55(b), also moved for in Plaintiffs' Motion, is referred to the Court for judgment under FRCP 55(b)(2) as the judgment sought is not in a sum certain.

Docket No. 35, p. 1.

The Court, therefore, will construe the instant Motion as a Motion to set aside the Clerk's entry of default against Defendant Holder.

Fed. R. Civ. P. 55, which is headed "Default," provides in part as follows:

> **(a) Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> . . .
>
> **(c) Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Plaintiffs oppose the instant Motion, primarily on grounds that it does not comply with Fed. R. Civ. P. 60(b). As set forth in Fed. R. Civ. P. 55(c), however, Rule 60(b) is applicable to setting aside a "judgment" by default. The case at bar does not involve a "judgment" by default; it involves only the entry of a default by the Clerk. Thus, the first provision of Rule 55(c) is applicable: "For good cause shown the court may set aside an entry of default. . . ." The question, therefore, becomes whether Defendant has shown "good cause" for setting aside the entry of default.

The only cause shown by Defendant Holder for setting aside the entry of default is stated in his Motion, in full, as follows:

> I never received Service on this law suit [*sic*]!! I moved from 460
2

> Jones Lane in Hendersonville on Oct. 16, 2006 and have not been
> back since that date; so it would have been impossible for me to
> have received service on December 9, 2006 as alleged by Plaintiff.

Docket No. 36, p. 1.

One noted authority has recognized that a more liberal standard is applied to reviewing entries of default as opposed to reviewing default judgments. **Moore's Federal Practice 3d** § 55.50[1][a], p. 55-57. **Moore's** continues as follows:

> While there is no precise formula for the "good cause" analysis
> under Rule 55(c), and each case must turn on its facts, courts have
> identified three factors that should be considered: (1) whether the
> default was willful, (2) whether setting it aside would prejudice the
> adversary, and (3) whether the defaulting party presents a
> meritorious defense.

*Id.*, p. 55-58.1, *citing O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003).

Defendant Holder has not addressed any of these factors. Moreover, Defendant Holder's Motion is based upon his unsworn statement that he did not receive service. There is prima facie evidence in the record, however, that he did. Docket No. 7.

The Sixth Circuit, however, has also stated:

> Due process requires proper service of process for a court to have
> jurisdiction to adjudicate the rights of the parties. . . . Therefore, if
> service of process was not proper, the court must set aside an entry
> of default. . . .

*Hornell, supra,* 340 F.3d at 353 (citations omitted).

If Defendant Holder was not properly served, the Court should set the default aside. Moreover, any doubts concerning setting aside a default should be resolved in favor of the movant, in view the recognized preference that courts resolve matters on their merits. **Moore's** §55.50[1][d], p. 55-66, *citing Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990).

3

As discussed above, there is prima facie evidence that Defendant Holder received service, in the form of a "domestic return receipt," addressed to Defendant Holder, and signed by someone, presumably Mr. Holder. Docket No. 7. If Mr. Holder indeed never received service, it is not too much to require him at least to file a sworn statement to that effect.

For the foregoing reasons, the undersigned recommends that Defendant Holder's "Motion to Set Aside Default Judgment" (Docket No. 36) be DENIED, without prejudice to the refiling of an appropriate Motion and Affidavit.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

E. Clifton Knowles
United States Magistrate Judge