IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CP CONSTRUCTION, LLC, CAPITOL )
CITY CONSTRUCTION, LLC, and )
CARLYLE & KENNEDY, LLC, )
                                )
          Plaintiffs,          )
                                )
                                )
vs.                               )          CASE NO. 3:06-1153
                                )          JUDGE TRAUGER/KNOWLES
                                )
GEORGE HOLDER,          )
                                )
          Defendant.         )

## REPORT AND RECOMMENDATION

On August 15, 2007, the Clerk entered a default against Defendant George Holder. Docket No. 35. The Clerk's "Entry of Default" states in part:

> This is an Entry of Default pursuant to FRCP 55(a) only. The matter of a default judgment pursuant to FRCP 55(b), also moved for in Plaintiffs' Motion, is referred to the Court for judgment under FRCP 55(b)(2) as the judgment sought is not in a sum certain.

As the Clerk also noted in the Entry of Default, even though Plaintiffs' previous filing was headed "Application for Entry of Default Pursuant to Federal Rules of Civil Procedure, Rule 55(A)," the application also sought a *judgment* by default in the amount of $1,135,000 ("$325,000 in compensatory damages and $800,000, plus attorney's fees of $10,000"). Docket No. 32. This request, however, was not supported by any evidence.

Even though no default judgment had been entered, Defendant Holder subsequently filed a "Motion to Set Aside Default Judgment on August 28, 2008." Docket No. 36. In that Motion,

Defendant Holder stated that he had "never received service on this law suit." *Id*. Defendant Holder, however, provided no Affidavit or other verification in support of his Motion.

Plaintiffs filed a Response in Opposition to that Motion (Docket No. 38), and Judge Trauger referred the Motion to the undersigned (Docket No. 39). The undersigned submitted a Report and Recommendation to Judge Trauger. Docket No. 41. The undersigned first noted that no default judgment had been entered against Defendant Holder and that Defendant Holder's Motion should be construed as a Motion to set aside the Clerk's entry of default against him. *Id.*, p. 2. The undersigned further noted that Defendant Holder's bare assertion that he had not received service did not constitute good cause for setting aside the entry of the default, especially in view of the fact that the record contained prima facie evidence that Defendant Holder did receive service. *Id*. Thus, the undersigned recommended that Defendant Holder's Motion be denied, "without prejudice to the refiling of an appropriate Motion and Affidavit." *Id.*, p. 4.

Judge Trauger subsequently accepted the undersigned's Report and Recommendation and denied Defendant Holder's Motion, which, again, had been construed as a Motion to Set Aside Default entered by the Clerk, without prejudice. Docket No. 43.

Despite the Court's willingness to consider an appropriate Motion and Affidavit from Mr. Holder, he has submitted nothing. Thus, the Clerk's Entry of Default against Mr. Holder remains in effect.

Judge Trauger subsequently entered an Order requiring Plaintiffs to file Affidavits in support of their request for a default judgment by September 12, 2008. On September 12, 2008, Plaintiffs filed the Affidavit of Dan Carlyle. Thereafter, Judge Trauger referred Plaintiffs' request for a default judgment against Defendant Holder (Docket No. 32) to the undersigned for

a Report and Recommendation.  Docket No. 51.

The Affidavit of Dan Carlyle states in relevant part as follows:

> That I have personal knowledge of the financial records, financial status and financial history of Capitol City Construction, LLC, which was formerly known as Carlyle & Kennedy, LLC, as I am the sole member of the company who has consistently provided the financial strength to the company.  That I also have personal knowledge the financial records, financial status and financial history of CP Construction, LLC too as a majority owner of the company.  That I am familiar with the books and records of Capitol City Construction, LLC and CP Construction, LLC and the financial effect it suffered as a direct and proximate result of the acts of George Holder.  That I am personally familiar with and knowledgeable about the events which gave rise to this cause of action and I am familiar with the financial damages incurred by both CP Construction, LLC and Capitol City Construction, LLC.
>
> 5.  That as a direct and proximate result of the actions of George Holder and others Capitol City Construction, LLC and CP Construction, LLC jointly incurred damages in the amount of $49,950.00 which constitutes the money incurred in having the liens release, delays in the sales of the property, the additional labor required to complete the homes, the additional costs of the materials that Capitol City Construction, LLC and CP Construction, LLC actually purchased to complete the construction of the homes, the money paid in interest servicing the financing on the properties illegally liened by George Holder, and the legal fees incurred to have the liens removed by the courts.  Mr. Holder's actions were intentional, malicious and fraudulent in my opinion because they were based on fraud and false assertions.
>
> 6.  That George Holder converted building materials and equipment from Capitol City Construction, LLC's warehouse which included lumber packages, doors, windows, and other miscellaneous building materials, as well as equipment such as mowers, a trailer, and power tools.  The value of these materials was $75,000 at the time Mr. Holder stole these items.  Further, Capitol City Construction, LLC incurred additional damages for having to replace the materials and equipment in the same amount which was approximately $75,000 for a total loss from the conversion of its products in the amount of $150,000.

3

> 7. That George Holder acted intentionally and maliciously when he did this and I am asking for punitive damages in the amount of $100,000 for CP Construction, LLC and $150,000 for Capitol City Construction, LLC.

Docket No. 50, p. 2-3.

The Court first notes that Mr. Carlyle's Affidavit discusses and seeks damages only on behalf of Plaintiffs CP Construction, LLC ("CPC"), and Capitol City Construction, LLC ("CCC"). It does not address any damages incurred by Plaintiff Carlyle & Kennedy, LLC. Thus, to the extent that Plaintiff Carlyle & Kennedy, LLC, has moved for a default judgment against Defendant Holder, that Motion should be DENIED.

Mr. Carlyle's Affidavit establishes that CCC and CPC jointly incurred damages in the amount of $49,950, as a direct and proximate result of the actions of Defendant Holder. That item of damages is appropriate for consideration in connection with the default judgment issue.

Paragraph 6 of Mr. Carlyle's Affidavit, however, is problematic. That paragraph states that Defendant Holder converted building materials and equipment from CCC's warehouse. The Affidavit states that the value of these materials was $75,000 at the time Defendant Holder stole them. The Affidavit further states that CCC incurred "additional damages . . . in the same amount," for having to replace the materials and equipment, "for a total loss from the conversion of its product in the amount of $150,000."

Mr. Carlyle's logic on this point, however, is faulty. Plaintiff CCC apparently started with property worth $75,000, which was stolen by Mr. Holder. CCC replaced the stolen property at a cost of $75,000. After spending $75,000, CCC was in the same position it had been in before its property was stolen – it owned property worth $75,000. CCC is not entitled to a double recovery totaling $150,000; it is entitled only to $75,000.

4

Thus, the appropriate amount of compensatory damages to be awarded to CCC is half of the joint damages of $49,950 ($24,975), plus $75,000, for a total of $99,975. The appropriate amount of compensatory damages to be awarded to CPC is half of the joint damages of $49,950 ($24,975).

Mr. Carlyle's Affidavit also seeks punitive damages in the amount of $100,000 for CPC, and $150,000 for CCC. As the United States Supreme Court has recently made clear, punitive damages awards are limited by the Due Process Clause of the Fourteenth Amendment. *See BMW of North America, Inc., v. Gore*, 517 U.S. 559, 562 (1996); *TXO Production Corp. v. Alliance Resources Corp.,* 509 U.S. 443, 454 (1993). One of the principles that a Court must consider in awarding punitive damages is that such damages must bear a "reasonable relationship" to the compensatory damages awarded. 517 U.S. at 580. The Supreme Court has recently upheld the proposition, albeit in a maritime case, that a ratio of 1:1 is "a fair upper limit . . . ." *See Exxon Shipping Co. v. Baker*, 128 S.Ct. 2605, 2633, 171 L.Ed.2d 570, 598 (2008). Thus, the amount of punitive damages awarded to CPC and CCC should not exceed the amount of compensatory damages awarded to each entity.

For the foregoing reasons, the undersigned recommends that a default judgment be entered in favor of Plaintiff Capitol City Construction, LLC, against Defendant Holder in the total amount of $199,950, being $99,975 compensatory damages, plus $99,975 in punitive damages. The undersigned further recommends that a default judgment be entered in favor of Plaintiff CP Construction, LLC, against Defendant Holder in the total amount of $49,950, being $24,975 in compensatory damages, plus $24,975 in punitive damages.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days

after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge